# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51429/51430

| | |
|---|---|
| STATE OF IDAHO, | )<br>) **Filed: May 1, 2025**<br>) |
| Plaintiff-Respondent, | )<br>) **Melanie Gagnepain, Clerk** |
| v. | )<br>) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL ANDRADE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | )<br>) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction and concurrent, unified sentences of forty years, with minimum periods of confinement of fifteen years, for two counts of lewd conduct with a child under sixteen and one count of inducing a child into commercial sexual activity in Docket 51429, <u>affirmed</u>; judgment of conviction and unified sentence of forty years, with a minimum period of confinement of fifteen years, for one count of lewd conduct with a child under sixteen in Docket 51430, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51429, Daniel Andrade pled guilty to two counts of lewd conduct with a child under sixteen (Idaho Code § 18-1508) and one count of inducing a child into commercial sexual activity (I.C. § 18-5609). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Andrade to concurrent,

unified terms of forty years, with minimum periods of confinement of fifteen years.[1]  In Docket No. 51430, Andrade pled guilty to one count of lewd conduct with a child under sixteen (I.C. § 18-1508).  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Andrade to a unified term of forty years, with a minimum period of confinement of fifteen years.[2]  In both cases, Andrade filed an Idaho Criminal Rule 35 motion, which the district court denied.[3]  Andrade appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion.  Therefore, Andrade's judgments of conviction and sentences are affirmed.

---

[1]     These sentences were ordered to run concurrently with the sentence in Docket No. 51430.

[2]     This sentence was ordered to run concurrently with the sentences in Docket No. 51429.

[3]     On appeal, Andrade does not challenge the district court's denial of his Rule 35 motions for reduction of his sentences.